IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHARLETT CRAIG                                                                                      PLAINTIFF

V.                                            NO: 4:05CV000791 JMM

GUS WINGFIELD, INDIVIDUALLY AND MARTHA SHOFFNER [1]
IN HER OFFICIAL CAPACITY AS TREASURER
OF THE STATE OF ARKANSAS, ET AL.                                              DEFENDANTS

ORDER

Pending is defendant's Motion for Summary Judgment, and plaintiff's response. For the reasons stated below, the Motion is denied in part and granted in part (#23).

Plaintiff brought this action in state court alleging that defendants discriminated against her in violation of her right to privacy, Arkansas's public policy, 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Arkansas Whistle-Blower Act ("AWA"), and the Arkansas Civil Rights Act ("ACRA"). Defendant filed this motion contending that (1) plaintiff's AWA claim is untimely; (2) plaintiff has failed to identify the substantive law under which she brings her right to privacy claim; (3) plaintiff is not covered by the FMLA; (4) plaintiff received all rights she was due under the FMLA; (5) the state and Wingfield in his official capacity are immune from suit under the FMLA, the ADA, and ACRA pursuant to the Eleventh Amendment and sovereign immunity; (6) plaintiff's § 1983 claim

---

[1] Pursuant to Rule 25(d) of the Federal Rule of Civil Procedure Martha Shoffner is substituted for Gus Wingfield in his official capacity. Gus Wingfield remains as a defendant in his individual capacity. The Clerk of the Court is directed to make the appropriate changes to the style of the case.

1

based upon the First Amendment fails as plaintiff's statements were not protected speech[2] and her speech was not a factor in her termination; (7) plaintiff's § 1983 equal protection claim based upon her disability fails as the remedial scheme provided in the ADA precludes a separate claim for damages under § 1983 and because she has failed to plead or establish that she was a member of a protected class; (8) plaintiff's § 1983 due process claim fails as plaintiff did not have a property interest in her employment; (9) the ADA does not provide for supervisory liability for damages; (10) plaintiff has failed to establish that she was disabled or regarded as disabled; (11) plaintiff's ADA and ACRA claims fail because plaintiff failed to establish a *prima facie* case; and (12) Wingfield in his individual capacity is entitled to qualified immunity.

The undisputed facts are that plaintiff was employed as a Deputy Auditor in 1995 by Wingfield the Auditor of the State of Arkansas. Plaintiff was considered an "at will" employee in this position. On October 2, 2003, Karen Aymond filed a complaint with the Arkansas Ethics Commission asserting that Wingfield had violated ethics rules relating to hiring and promotion of relatives. Plaintiff was interviewed by an Ethics Commission investigator on November 5, 2003 regarding the alleged violations. On November 12, 2003, plaintiff had abdominal surgery which revealed signs of a serious medical condition. On May 25, 2004, Wingfield met with plaintiff and told her she was going to be terminated. Plaintiff was actually terminated effective August 20, 2004 after requesting and receiving FMLA leave.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine

---

[2]Plaintiff's brief in response to the motion raises issues regarding a § 1983 right of association claim. However, plaintiff's complaint makes no such claim. To the extent plaintiff is attempting to bring this claim, it is dismissed for failure to plead.

factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party has the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Plaintiff concedes that she has failed to establish right to privacy and § 1983 due process claims. Plaintiff also concedes that the statute of limitations has run on her AWA claim, but contends that the same claim made pursuant to the False Claims Act would be timely. The False Claims Act only applies to employees who are discriminated against because of acts done in furtherance of an action under 31 U.S.C. § 3729 which concerns claims made to the federal government. Plaintiff does not allege this type of claim. *See* 31 U.S.C. § 3729(a) and § 3730(h). For these reasons plaintiff's WBA, § 1983 due process, and right to privacy claims are dismissed.

Plaintiff's § 1983 First Amendment claim is based upon her contention that Wingfield fired her because she was interviewed by the Ethics Commission and, in particular, because of her statements regarding Sherri Darby. "To decide whether a public employee's speech is protected by the First Amendment, a court must first determine 'whether the employee spoke as a citizen on a matter of public concern.'" *McGee v. Public Water Supply, Dist. #2 of Jefferson* Co., Mo., 471 F.3d 918, 920 (8th Cir. 2006) (quoting *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006). "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1960 (2006).

The Court has reviewed the Ethics Commission's report which contains a summary of information provided by plaintiff. All of the information pertains to plaintiff's employment. The

information concerning Ms. Darby is a direct result of plaintiff's employment.[3] Because plaintiff's statements to the Ethics Commission's investigator were made pursuant to her official duties and thus not protected speech, plaintiff's § 1983 First Amendment claim is dismissed. *See Bradley v. James*, 479 F.3d 536 (8th Cir. 2007) (terminated police officer's statements made during investigation were pursuant to his official and professional duties and not protected speech).

Plaintiff's § 1983 Equal Protection claim is based upon her contention that Wingfield fired her because of disability, i.e. surgery with indications of cancer. This claim cannot proceed as the remedial scheme provided in the ADA precludes a separate claim for damages under § 1983. *See Grey v. Wilburn*, 270 F.3d 607, 610-11 (8th Cir. 2001).

> The Eleventh Amendment protects states from being sued in federal court without their consent and also bars suits against state officers acting in their official capacities when the state itself is "the real, substantial party in interest." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). While claims against state officers which seek only prospective relief are not barred, *see Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), this exception is available only when a plaintiff seeks to vindicate a federal right. Absent waiver by the state, a federal court has no power to order a state officer exercising delegated authority to comply with duties imposed by state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

*Grand River Enterprises six Nations, Ltd. V. Beebe*, 467 F.3d 698, 701 (8th Cir. 2006). Plaintiff's public policy and ACRA claims are based upon state law. Because this Court has no jurisdiction to order a state officer to comply with state law, plaintiff's public policy and ACRA claims for damages, injunctive, prospective or declaratory relief against the State of Arkansas and Wingfield in his official capacity are barred by the Eleventh Amendment.[4]

---

[3] Pl. Ex. 12

[4] Pursuant to Ark. Code Ann. § 16-123-104, the sovereign immunity of the State of Arkansas has not been waived.

Sovereign immunity applies to the ADA and FMLA claims unless Congress abrogated that immunity for these federal causes of action. *See Becker v. Univ. of Neb.*, 191 F.3d 904, 908 (8th Cir.1999). Title I of the ADA did not abrogate a state's sovereign immunity to money damages. *See Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955 (2001). State agency is entitled to Eleventh Amendment immunity for self-care claims under the FMLA. *Miles v. Bellfontaine Habilitation Center,* ___ F.3d ___, 2007 WL 1075655 (8th Cir. 2007). The Court also notes that any front pay award is barred by the Eleventh amendment. *See Campbell v. Arkansas Dept. of Corrections*, 155 F.3d 950 (8th Cir. 1998).

Based upon the foregoing, the Court denies defendant's Motion for Summary Judgment as to the State of Arkansas, and Wingfield in his official capacity, on the ADA and FMLA claims for injunctive, prospective, or declaratory relief. The motion is granted on all other claims against these defendants.

Neither the Court of Appeals for the Eighth Circuit nor the United States Supreme Court have addressed the issue of whether there is individual liability under Title I of the ADA. However, other Circuit Courts have addressed the issue and found that individual are not personally liable under Title I of the ADA. *See Walsh v. Nevada Dept. Of Human Resources*, 471 F.3d 1033 (9th Cir. 2006) (collecting cases). Moreover, at least one court of the Eastern District of Arkansas has held the same. *See Morrow v. City of Jacksonville, Ark*, 941 F.Supp. 816 (E.D. Ark 1995) (ADA does not provide for individual liability). Based upon the reasoning in these cases, plaintiff's ADA claim against Wingfield in his individual capacity is dismissed.

"Arkansas law recognizes a cause of action for wrongful discharge if an at-will employee is fired in violation of a well-established public policy of the state. . .. A claim that public policy has

been violated will lie if an employer discharges an employee for reporting a violation of state or federal law." *See Jarrett v. ERC Properties, Inc.* 211 F.3d 1078, 1084 (8th Cir. 2000) *(citations omitted).* Because it is disputed whether Wingfield terminated plaintiff for her statements to the ethics investigator, plaintiff may proceed on this claim.

Under Arkansas law, courts analyze a disability claim presented under the ACRA using the same principles employed in analyzing claims under the ADA. *See Duty v. Norton-Alcoa Proppants*, 293 F.3d 481 490 (8th Cir. 2002). "An ADA claimant must make a prima facie showing that [the claimant] (1) has a disability within the meaning of the ADA, (2) is able to perform the essential functions of the job, with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of the disability." *Id.* It is disputed here whether plaintiff suffered from a disability.

It is also disputed whether Wingfield acted with malicious intent within the course of his employment which precludes the grant of immunity on these state law claims. *See Hanks v. Sneed*, 366 Ark. 371, 2006 WL 1349161 (2006) (statutory immunity would not apply for malicious acts which occur within state employee's course of employment). Qualified immunity would not be available as this doctrine does not apply to state law claims. *See Herts v. Smith*, 345 F.3d 581, 588 (8th Cir. 2003).

Individual liability does exists for public officials under FMLA. *See Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002). However, because the FMLA creates clearly established statutory rights, qualified immunity is not available on plaintiff's FMLA claims based upon discrimination or retaliation. *Id.* This same reasoning would apply to plaintiff's claim that she was not informed of her FMLA rights.

Based upon the foregoing, the Court denies defendant's Motion for Summary Judgment as to Wingfield in his individual capacity on the public policy, ACRA, and FMLA claims. The motion is granted on all other claims against Wingfield in his individual capacity.

The factual disputes on all the remaining claims are whether defendants had a valid nondiscriminatory reason for plaintiff's termination, whether plaintiff was a member of Wingfield's personal staff, or whether plaintiff received all her FMLA benefits.

IT IS SO ORDERED THIS  25   day of April, 2007.

_____
James M. Moody
United States District Judge