IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SHARLETT CRAIG**                                                                                                                     **PLAINTIFF**

**VS.**                         **CASE NO.  4:05cv000791 JMM**

**GUS WINGFIELD, INDIVIDUALLY, ET AL.**                         **DEFENDANT**

**ORDER**

Pending before the Court is defendant's Motion for Reconsideration and plaintiff's response.

Defendant is correct and plaintiff agrees that plaintiff's "public policy" Arkansas common law breach of employment contract claim and plaintiff's ACRA claim cannot be brought against defendant Gus Wingfield in his individual capacity as he was not plaintiff's employer.  The State of Arkansas was her employer and as the Court has previously found the State of Arkansas is immune from suit in federal court under the Eleventh Amendment both for damages and for prospective injunctive relief on these state law claims.

However, plaintiff contends that these claims can be brought pursuant to § 1983 which would allow individual liability against Wingfield.  As defendant correctly points out, § 1983 is used to enforce federal rights or the United States Constitution, not Arkansas law.

Plaintiff appears to cite *Richardson v. City of Pine Bluff, AR,* 2006 WL 3388341 (E.D. Ark. 2006) for the proposition that claims based upon state common or statutory laws may be brought pursuant to § 1983.

The Court reads *Richardson* to stand for the proposition that individual liability is allowed under § 1983 and agrees that § 1983 claims can be heard against a state actor in his individual capacity. However, these § 1983 claims must be based upon federal rights or the United States Constitution. *See Pediatric Specialty Care, Inc.v. Arkansas Dep't of Human Services*, 293 F.3d 472, 477 (8th Cir. 2002) ("Section 1983 provides a federal cause of action against anyone who, acting pursuant to state authority, violates any "rights privileges or immunities secured by the Constitution and laws" of the United States."). *Richardson* does not stand for the proposition that § 1983 can be used to enforce state law claims.

The Motion for Reconsideration is granted and the "public policy" Arkansas common law breach of employment contract and the ACRA claims are dismissed against Wingfield in his individual capacity.

Plaintiff's remaining claims are for injunctive, prospective, or declaratory relief against the State of Arkansas based upon violations of the ADA and the FMLA, and against Wingfield in his individual capacity based upon violation of the FMLA.

IT IS SO ORDERED THIS  2  day of   May , 2007.

_____
James M. Moody
United States District Court